Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001158
23-JUN-2015
08:33 AM

NO. CAAP-14-0001158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TODD PERKINS, Plaintiff-Appellee, v.
TAMMY ASH PERKINS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 11-1-0086)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Tammy Ash Perkins's (Appellant Tammy Perkins) appeal in appellate court case number CAAP-14-0001158 from the Honorable Keith E. Tanaka's October 1, 2014 post-judgment order on Plaintiff-Appellee Todd Atherton Perkins's (Appellee Todd Perkins) September 8, 2014 motion for post-decree relief regarding various visitation issues relating to the terms of a September 26, 2012 divorce decree, because the October 1, 2014 post-judgment order did not finally determine all of the issues in Appellee Todd Perkins's

September 8, 2014 motion for post-decree relief, and, thus, the October 1, 2014 post-judgment order does not qualify as an appealable final post-judgment order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

"An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2014). In light of the family court's prior entry of the September 26, 2012 divorce decree in this case, the instant case involves a post-judgment proceeding. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

In the instant case, the family court utilized the October 1, 2014 post-judgment order to adjudicate some, but not all, of the issues in the post-judgment proceeding for Appellee

-2-

Todd Perkins's September 8, 2014 motion for post-decree relief. In paragraphs 5 and 6 on page 4 of the October 1, 2014 post-judgment order, the family court expressly directs the parties to participate in mediation regarding certain remaining issues, and the family court initially schedules a future return hearing for November 19, 2014, at which time the parties are to report the results of the mediation to the family court. Through subsequent orders that the family court entered on November 25, and November 26, 2014, the family court ultimately rescheduled the hearing regarding the mediation for March 30, 2015. The October 1, 2014 post-judgment order would become eligible for appellate review by way of a timely appeal from the family court's future post-judgment order that finally determines the remaining issues and ends this post-judgment proceeding, based on the principle that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). When the family court enters a final post-judgment order that finally determines the remaining issues of Appellee Todd Perkins's September 8, 2014 motion for post-decree relief, then a timely appeal from that post-judgment order would entitle an aggrieved party to assert a timely appeal for the review of the entire series of post-judgment orders in this post-judgment proceeding under the principle that "this court will only consider other orders which

were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Insurance Company, 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (citations omitted); see also Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543, 560 (2012).

The record on appeal does not contain a post-judgment order that finally determines the remaining issues of Appellee Todd Perkins's September 8, 2014 motion for post-decree relief. Absent an appealable post-judgment order, Appellant Tammy Perkins's appeal in appellate court case number CAAP-14-0001158 is premature, and we lack appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001158 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 23, 2015.

Chief Judge

Associate Judge

Associate Judge

-4-